UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, as subrogee of Tracy McGuire,<br><br>    Plaintiff,<br>v.<br><br>NIDEC AMERICAS HOLDING CORPORATION, a Missouri Corporation; and WHIRLPOOL CORPORATION, a Delaware Corporation,<br><br>    Defendants. | Case No. 4:22-cv-00077-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss. Dkt. 6. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion and DISMISSES the claims against Defendants WITH PREJUDICE.

## II. BACKGROUND

Plaintiff State Farm Fire and Casualty Insurance Company ("State Farm") filed a complaint against Defendants Nidec Americas Holding Corporation ("Nidec"), a Missouri

corporation, and Whirlpool, a Delaware corporation, on January 20, 2022, in the Sixth Judicial District Court of the State of Idaho. Dkt. 1, at 2–3. Nidec removed the case to this Court on February 23, 2022, claiming the Court had diversity jurisdiction over the case. On March 11, 2022, Defendants filed the instant Motion to Dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6, at 1–2. In accordance with Local Rule 7.1, CM/ECF set April 1, 2022, as State Farm's response deadline. Dist. Idaho Loc. Civ. R. 7.1(c)(1). State Farm failed to respond. Twelve days after the deadline passed, the Court issued an order outlining its intent to grant Defendants' Motion to Dismiss and close the case, but granting State Farm until April 18, 2022, to file a motion requesting permission to file a late response. Dkt. 12. Yet again, State Farm failed to respond. State Farm and its attorneys did not even send an informal email to the Court.

In modern parlance, Defendants and the Court were "ghosted" by State Farm and its attorneys. This disappearance is extremely unprofessional.[1] The Court's time has been wasted, and the Court would entertain a motion for attorneys' fees.

In sum, because the Motion to Dismiss is unopposed—and because the Court notified State Farm of its intent to grant the motion *and* provided a final opportunity to respond—pursuant to Local Rule 7.1(e), the Court GRANTS Defendants' Motion to Dismiss and DISMISSES all the claims against Nidec and Whirlpool WITH PREJUDICE.

---

[1] The Court does not mean to overemphasize or sensationalize the present situation, but it is frankly shocking that *attorneys* would affirmatively choose to ignore directives from the Court. The Court has experienced similar tactics from pro se litigants, but when professionals bound by rules of conduct engage in such behavior, the Court is not pleased.

MEMORANDUM DECISION AND ORDER - 2

## III. ORDER

The Court HEREBY ORDERS:

1. Defendants' Motion to Dismiss (Dkt. 6) is GRANTED.

2. State Farm's claims against Nidec and Whirlpool are DISMISSED WITH PREJUDICE.

3. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED: April 22, 2022

David C. Nye
Chief U.S. District Court Judge